UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL H. BRENNAN )
)
Plaintiff )
)
-vs- ) CASE NUMBER
)
WAFFLE HOUSE 16TH WEST INC. )
)
Defendant    1: 03-CV-1641 JDT - TAB

## COMPLAINT

Plaintiff, Michael H. Brennan, brings this action against Waffle House 16th Inc., for injunctive relief pursuant to 42 U.S.C. § 12881 et seq. ("Americans with Disabilities Act" or "ADA")

1. This court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under 42 U.S.C. §§ 12181 et seq., based upon defendant's violations of Title III of the Americans with Disabilities Act. (See also 28 U.S.C. §§ 2201 and 2202.)

2. Plaintiff is a resident of the state of Florida, is sui juris, and is an individual with disabilities as defined by the ADA.

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act, ("ADA") 42 U.S.C. §§ 12101, et seq.

4. Congress found, among other things, that discrimination against individuals with disabilities persists in critical areas such as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services. The continuing existence of unfair and unnecessary discriminatory and prejudicial practices denies people with disabilities the opportunity to compete on an equal

basis and to pursue their aspirations and exercise their free will and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity, 42 U.S.C. § 12101(a)(1)-(3), (5), and (9).

5. Congress explicitly stated the purposes of the ADA were to provide a national mandate for the elimination of discrimination against individuals with disabilities and provide enforceable standards addressing discrimination against disabled individuals and the power to enforce and regulate commerce, 42 U.S.C. § 12101(b)(1)(2) and (4).

6. The premises owned, leased to, or leased by, and/or operated by the defendant located at 2621 West Sixteenth Street, Indianapolis, Indiana includes an eating establish, which is inaccessible by individuals with disabilities, including the plaintiff herein.

7. Pursuant to 42 U.S.C. § 12181(7); 28 CFR § 36.104 the building, which is the subject of this action, is a public accommodation covered by the ADA and must be in compliance therewith.

8. The defendant has discriminated and continues to discriminate against the plaintiff denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of the building as prohibited by 42 U.S.C. §§ 18182 et seq., and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

9. The Department of Justice, Office of Attorney General promulgated federal regulations to implement the requirements of the ADA, 28 C.F.R. Part 36.

10. The defendant is in violation of the ADA and is discriminating against the plaintiff and all members of this class by inter alia:

(i) Failing to provide disabled-parking spaces with proper signage.

(ii) Failing to provide the requisite pictogram or Braille mounted in proper location on the men's and women's restroom doors.

(iii) Failing to provide adequate maneuvering clearance in the men's restroom for individuals who use a wheelchair or other mobility devise.

(iv) Failing to provide restroom door hardware for individuals with manual dexterity limitations preventing their use of same.

(v) Failing to provide grab-bars at the commode that allow individuals with a mobility impairment to transfer.

(vi) Failing to provide a commode raised to the proper height for individuals with a mobility impairment.

(vii) Failing to provide sufficient clearance beneath the lavatory for individuals with a wheelchair as a cabinet is present preventing access.

(viii) Failing to provide faucet controls for the lavatory that allow individuals with manual dexterity limitations to operate same.

(ix) Failing to provide dispensers at proper reach perimeters for individuals of short stature or who use a wheelchair, and failing to provide clear floor space beneath same.

11. The plaintiff has been and continues to be denied access to the defendant's establishment facilities and is unable to enjoy the benefit of services offered therein and continues to be discriminated against and damaged because of defendant's ADA violations set forth above and will continue to suffer such discrimination, injury, and damages without the relief provided by compliance with the ADA.

12. Plaintiff has been obligated to retain counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorney fees, including costs and expenses incurred. Plaintiff is entitled to recover these attorney fees and costs and expenses from the defendant pursuant to 42 U.S.C. § 12205.

13. Pursuant to 42 U.S.C § 12188, this court has the authority to grant plaintiff injunctive relief, including an Order to alter the subject facility to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and to close the subject facility until the requisite modifications are completed.

14. Plaintiff demands Trial by Jury.

WHEREFORE, plaintiff respectfully requests that the court issue an injunction enjoining the defendant from continuing his discriminatory practices; ordering the defendant to alter the subject premises as appropriate to comply with the ADA; closing the subject premises until the requisite modifications are complete; awarding plaintiff their attorney fees, costs, and expenses incurred in this action; and providing such other relief as the court deems warranted in the premises.

Respectfully submitted,

Timothy L. Brennan
Attorney for Plaintiff

TIMOTHY L. BRENNAN, #3617-49
136 EAST MARKET STREET, SUITE 1119
INDIANAPOLIS, INDIANA 46204
PHONE: 317.634.5970

4